# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DWIGHT AND ROBECCA GLAUBITZ,**

          Debtor-Appellants,

    -vs-                                                  **Case No. 10-C-927**

**MARY B. GROSSMAN,**
**Chapter 13 Trustee,**

          Appellee.

# DECISION AND ORDER

This matter comes before the Court on appeal from the bankruptcy court's dismissal of Dwight and Robecca Glaubitz's chapter 13 bankruptcy petition. The bankruptcy court ruled that the debtors' noncontingent unsecured liabilities exceeded the cap for filing a chapter 13 petition. The Court may exercise jurisdiction over this appeal because the order was a final judgment, order or decree. 28 U.S.C. § 158(a)(1).

"Only an individual with regular income that owes, on the date of the filing of the petition, . . . noncontingent, liquidated, unsecured debts that aggregate less than $336,900 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e) (amount applicable to cases filed before April 1, 2010). The bankruptcy court found that the debtors exceeded the cap because they guaranteed repayment on four loans[1] to various corporate entities. The

---

[1] The four loans at issue total over $400,000: Associated Bank, N.A. ($49,234); Navistar Financial Corp. ($152,941); Paccar Financial Corp. ($86,583); The Equitable Bank SSB ($139,178).

court ruled that the guaranties were "noncontingent debt," even though the primary obligor had not defaulted on the underlying loans. "The joint and several liability of both the principal borrower and the guarantor was established when the guaranty was signed, and the creditor need not exhaust its remedies against the principal borrower before enforcing it against the guarantor." *In re Glaubitz*, 436 B.R. 99, 105 (Bankr. E.D. Wis. 2010).

The Bankruptcy Code does not define the terms contingent or noncontingent. A generally accepted definition of a contingent claim is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor," so long as the "triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred." *In re All Media Prop., Inc.*, 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980), *aff'd*, 646 F.2d 193 (5th Cir. 1981). As such, a contingent debt involves no liability unless the condition precedent contemplated by the parties comes to fruition. *In re Albano*, 55 B.R. 363, 366 (N.D. Ill. 1985); *Freeland v. Enodis Corp.*, 540 F.3d 721, 730 (7th Cir. 2008).

The bankruptcy court erred because a guaranty is, by its very nature, a contingent liability. "The classic example of a contingent debt is a guaranty because the guarantor has no liability unless and until the principal defaults." *In re Pennypacker*, 115 B.R. 504, 507 (Bankr. E.D. Pa. 1990); *see also In re Martz*, 293 B.R. 409, 411 (Bankr. N.D. Ohio 2002) (a guaranty is the "quintessential" type of contingent debt). Here, it is undisputed that the required contingency – default by the primary obligor – did not occur. Even though the

guaranties contain language suggesting that the guarantor's liability is "absolute," "unconditional," or even "joint and several," this does not alter the secondary nature of guarantor liability. "A guaranty, in its technical sense, is collateral to and made independently of, the principal contract which it guarantees, and the guarantor's liability is secondary rather than primary." *Cont'l Bank & Trust Co. v. Akwa*, 206 N.W.2d 174, 181 (Wis. 1973). The absolute or unconditional nature of a guaranty only becomes relevant once the primary obligor is in default. *See, e.g., Lawndale Steel Co. v. Appel*, 423 N.E.2d 957, 960 (Ill. App. Ct. 1981) ("An absolute guaranty is an unconditional undertaking on the part of the guarantor that the person primarily obligated will pay or otherwise perform. *Such guarantor is liable immediately upon default of the principal*, without notice") (emphasis added); *In re Albano*, 55 B.R. at 367 ("by definition the parties know in advance the guarantor will become liable *only if the contingency of default comes to pass*") (emphasis added).

Therefore, the debtors' guaranties are contingent liabilities for purposes of the statutory cap on chapter 13 proceedings. The bankruptcy court's order of dismissal is **REVERSED**, and this matter is **REMANDED** for further proceedings.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2011.

        **SO ORDERED,**

        *s/ Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**